CARPENTER *v.* SHANNON BROTHERS, INC.

4-5702                        134 S. W. 2d 6

Opinion delivered December 11, 1939.

*Chris Carpenter* and *J. M. Brice,* for appellant.

*W. G. Dinning,* for appellee.

SMITH, J. Florence Murphy and Lillian Myler, residents of Cleveland, Ohio, owned a 720-acre tract of land in Arkansas county as tenants in common, but since 1929 they had failed to pay the taxes thereon, and in 1930 the lands were sold to J. A. Wilkin for the non-payment of the 1929 taxes, and in 1932 Wilkin received from the county clerk a tax deed therefor.

On May 21, 1935, Shannon Bros., Inc., a corporation under the laws of the state of Tennessee, purchased from Lillian F. Myler all her interest in the timber standing and growing on the land for a cash consideration of $3,000. Through a defect in the abstract of the title to the land, the fact was not disclosed that Florence Murphy owned an interest in the land, and Shannon Bros., Inc., thought it had purchased the entire title, subject to the

tax title held by Wilkin, to whom, on May 23, 1935, it paid $2,500 cash for a deed to the timber on the land. An unsuccessful attempt was made to purchase the interest of Florence Murphy when her interest was discovered. At that time, a suit brought by Mrs. Myler against Miss Murphy was pending to subject the interest of Miss Murphy in the land to her proportionate part of the taxes.

On August 13, 1935, Miss Murphy entered into a contract to convey her interest in the land to Ernst and Chris Carpenter, trading under the partnership name of Carpenter, and this suit was brought to enforce the specific performance of that contract. This contract recites that Miss Murphy is the owner and claims ownership of an undivided half interest in the land, and has offered to sell that interest to Carpenter for the sum of $2,200. The contract recited that the title to the property was in dispute, and that a suit was pending wherein Mrs. Myler was plaintiff and J. A. Wilkin, the tax purchaser, was defendant, in which suit Miss Murphy had intervened and filed a cross-complaint against Mrs. Myler, Wilkin and Shannon Bros., Inc. Miss Murphy agreed to convey her interest by a special warranty deed, and that neither she nor the person from whom she claimed title had ever conveyed or agreed to convey said property or the timber standing thereon, but her conveyance was to be subject to the delinquent and unpaid taxes.

This contract recited that ''Removal of the timber is being started or planned by certain parties'', and Carpenter agreed to enjoin the removal of the timber, and it was agreed that ''said Carpenter or its assigns shall have a thirty day (30) period of time from the date of this instrument within which to perform same;'' that is, to perfect the title; and that ''Miss Murphy shall place in the DeWitt Bank & Trust Company of DeWitt, Arkansas, for inspection and approval by Carpenter, her said deeds and such affidavits or depositions as shall be required to prove and convey her title; that upon such approval which shall not require more than seven days after the settlement of the litigation said Carpenter or

its assigns shall deliver to the said DeWitt Bank and Trust Company to the order of Florence Murphy the agreed sum of twenty-two hundred ($2,200) dollars in cash or certified check (payable at par), in consideration of which the DeWitt Bank & Trust Company shall deliver the deed and all other instruments furnished by Florence Murphy to Carpenter or its assigns.''

This contract was signed by Miss Murphy, and by Carpenter by Ernst Carpenter. The Carpenters acknowledged the contract before a Notary Public and caused it to be recorded on September 12, 1935, without having been acknowledged by Miss Murphy, the grantor.

On September 17, 1935, Miss Murphy conveyed her interest in the standing timber on the land to Shannon Bros., Inc., for the cash consideration of $1,800. It appears, therefore, that Shannon Bros., Inc., paid the total sum of $7,300 for the timber, and no witness placed its value at a higher figure.

On June 17, 1936, Carpenter filed suit in the chancery court to restrain Shannon Bros., Inc., from cutting and removing the timber, and an order to that effect was issued by the county judge of the county, which order was approved and renewed by the chancellor on July 13, 1936.

A decree was rendered on a day of the March, 1936, term of the chancery court, in a case styled, ''Carpenter, a partnership composed of Ernst and Chris Carpenter v. Florence Murphy, John Francis Walsh, and Shannon Bros., Inc.'' It does not appear when this suit was filed. Walsh had purchased the land on which Shannon Bros. had purchased the timber; but the title to the land is not involved in this litigation. The decree recites that Miss Murphy and Walsh, both of whom had been served by the publication of a warning order, filed no answer, ''and this cause, as to Shannon Bros., Inc., and their rights herein, is not considered, and as to them is continued.'' Miss Murphy had previously, on September 17, 1935, conveyed her interest in the timber to Shannon Bros., Inc., and had, at some undisclosed date, conveyed

her interest in the land to Walsh, and she evidently assumed that she had no further interest in the litigation, if, indeed, she were aware of its pendency. At any rate, she filed no answer. The decree canceled the deed from Miss Murphy to Walsh.

There also appears in the record a decree rendered November 28, 1936, in a suit, the date of the filing of which does not appear, styled, "Lillian Myler, Plaintiff, vs. J. A. Wilkin, Florence Murphy and Chris Carpenter, Interveners, and Florence Murphy and Chris Carpenter, Cross-Complainants, vs. Lillian Myler, J. A. Wilkin, and Shannon Bros., Cross-Defendants," in which it was decreed that the tax sales to Wilkin, made in 1930, for the non-payment of the, 1929, taxes, was void. This decree recites no service upon Shannon Bros. nor any appearance by it.

Upon this record a number of questions are discussed in the briefs of opposing counsel; but the findings of fact made by the court below render unnecessary their discussion by us. The court found that Carpenter had not properly offered to comply with its option. The court below found that "The undisputed evidence in this case shows—in fact, it is not denied—that the plaintiffs did not, within the thirty day period fixed in the contract entered into between them and Florence Murphy, comply with the terms thereof, and for that reason alone the complaint must be dismissed; then, for the further reason that this instrument, which was nothing more than an option to purchase executed between the plaintiffs and the defendant Florence Murphy on August 13, 1935, should not have been filed for record, as the acknowledgment thereof did not comply with § 1824 of Pope's Digest of the Statutes of Arkansas."

The record does show that Carpenter, about September 10, 1935, prepared and sent to Miss Murphy a deed for her execution conveying to them her interest in the land; but the deed was not received until after the expiration of the thirty-day option, and did not conform to the option in two essential respects: (1) It recited a consideration of $2,000, instead of the $2,200 which Car-

penter had agreed to pay; and (2) It contained an unlimited, and not a special, warranty. Moreover, it appears that the draft attached to the deed, drawn on a Mr. Pitts, of Jonesboro, would not have been paid had in been presented. The complaint does allege the ability and the willingness of Carpenter to pay the $2,200, but no actual tender thereof was ever made.

Under these facts we think no error was committed in refusing to grant specific performance of the option to buy, and the decree is, therefore, affirmed.